UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/08
```

ROBERTO VELASQUEZ,

        Petitioner,

  -against-                                        07 Civ. 7228 (CM)(DFE)

WILLIAM LAPE, Superintendent, et al.,

        Respondents.

----------------------------------------X

McMahon, J.:

        After reviewing the record, including the submission on behalf of Petitioner objecting to the Report and Recommendation of The Hon. Douglas F. Eaton, United States Magistrate Judge, dated October 6, 2008, the Court adopts the Report as its opinion, and dismisses the petition. I am persuaded that this case falls squarely within the Second Circuit's reasoning in the recent case of Rosa v. McCray, 396 F. 3d 210 (2d Cir. 2005), which is discussed extensively in Magistrate Judge Eaton's thorough and well-reasoned Report. I also agree with Judge Eaton's conclusion that the Appellate Division: First Department did not unreasonably apply either Rhode Island v. Innis, 446 U.S. 291 (1980) – especially in light of the more recent Supreme Court decision in Pennsylvania v. Muniz, 496 U.S. 582 (1990) – when it concluded that the address question at issue in this proceeding was a proper subject of pedigree inquiry and "was not a disguised attempt at an investigatory interrogation." People v. Velasquez, 33 A.Ad. 3d 352, 353-54 (1st Dept. 1996). The words that appear in quotation marks are not meaningfully different from those that appear in footnote 14 in Muniz, which speaks of questions that are "designed to elicit incriminating questions." Muniz, *supra.*, 496 U.S. at 601-02 and n. 14. In Rosa, the Second Circuit clearly indicated its view that the footnote 14 formulation was the law as articulated by the Supreme Court. Rosa, *supra.*, 396 F. 3d at 222.

As Petitioner has made no substantial showing of the denial of a constitutional right, there is no question of substance for appellate review. Therefore, no certificate of appealability shall issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F. 3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F. 3d 1011 (2d Cir. 1997); Rodriguez v. Scully, 905 F. 2d 24 (2d Cir. 1990). I certify, pursuant to 28 U.S.C. § 1915(a), that an appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: December 9, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY FAX TO MAGISTRATE JUDGE EATON